## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PATRICK F. COONEY, III, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 2:13-cv-01849 (DMC)(JBC) |
| VINCENT ALBERTO and VICTORIA ALBERTO | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Victoria Alberto ("Defendant")

to Dismiss the Complaint of Plaintiff Patrick F. Cooney, III ("Plaintiff") pursuant to FED. R. CIV.

P. 12(b)(6). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following

and for the reasons expressed herein, Defendant's Motion to Dismiss is **granted**.

## I.      BACKGROUND[1]

Plaintiff alleges that on June 1, 2012, he was driving his vehicle on Forest Avenue in

Paramus, New Jersey, when he passed by Vincent Alberto ("Mr. Alberto"), who was jogging at

the time. Plaintiff claims that Mr. Alberto began to shout obscenities at him and that Plaintiff

then turned left onto Ross Road and parked his vehicle. Plaintiff states that when he exited his

vehicle, Mr. Alberto approached him, continued to shout obscenities, and began to strike him.

---

[1] The facts from this section are taken from the parties' pleadings.

Plaintiff claims that Mr. Alberto then pinned him to the ground, repeated to strike him, and twisted his arm behind his back in a violent manner. Plaintiff states that Mr. Alberto took these actions despite the fact that Plaintiff told Mr. Alberto that he would not harm him and the fact that Defendant, Mr. Alberto's wife, repeatedly told him to stop.

Plaintiff claims that upon observing the attack, Defendant, who is a police officer but was off-duty at the time, dialed 9-1-1. Plaintiff states that Defendant advised the operator that the altercation was only a "dispute" and failed to advise the operator that her husband was striking Plaintiff. Plaintiff alleges that Defendant "intentionally minimalized the attack by her husband" because she knew that the call was being recorded. Plaintiff has attached a transcript of the 9-1-1 call to his Opposition to Defendant's Motion to Dismiss as evidence that Defendant identified herself as a police officer and failed to respond to the operator's question of whether the dispute was violent. Plaintiff has also attached a transcript of a call made to the police by a neighbor who viewed the altercation.

Plaintiff filed a Complaint against Defendant and Mr. Alberto on March 25, 2013 (ECF No. 1). The only claim against Defendant is contained within count four, where Plaintiff alleges that Defendant violated his rights under 42 U.S.C. § 1983. Defendant filed the instant Motion to Dismiss on May 6, 2013 (ECF No. 5). Plaintiff filed an Opposition on June 3, 2013 (ECF No. 9). Defendant filed a Reply on June 10, 2013 (ECF No. 10).

## II.    STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

2

allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's

"obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a

motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the

heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
> as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility
> when the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged . . . Determining whether
> a complaint states a plausible claim for relief will . . . be a context-specific task that requires
> the reviewing court to draw on its judicial experience and common sense. But where the
> well pleaded facts do not permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is
> entitled to relief."

556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

## III.    DISCUSSION

Plaintiff alleges that Defendant violated his rights under 42 U.S.C. § 1983 based on the

state-created danger theory. Section 1983 "does not create substantive rights, but provides a

remedy for the violation of rights created by federal law." Groman v. Twp. of Manalapan, 47

F.3d 628, 633 (3d Cir. 1995). In order to establish a claim under § 1983, a plaintiff must show

that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that

right acted under color of state or territorial law." Id. (citing Gomez v. Toledo, 466 U.S. 635, 640

(1980)). The Third Circuit has stated that "if a person's actions 'were not committed in the

performance of any actual or pretended duty,' the actions were not committed under color of

law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1151 (3d Cir. 1995) (quoting Bonsignore v.

City of New York, 683 F.2d 635, 639 (2d Cir. 1982)).

The state-created danger theory was adopted by the Third Circuit in 1996 to allow liability

to attach where the state acts to create or enhance a danger that deprives a person of his or her

Fourteenth Amendment right to substantive due process. Sanford v. Stiles, 456 F.3d 298, 304 (3d

Cir. 2006). In a state-created danger case, a plaintiff must prove the following four elements: (1)

the harm caused was foreseeable and fairly direct; (2) the state actor's degree of culpability

"shocks the conscience;" (3) a relationship between the state and the plaintiff existed such that

the plaintiff was a foreseeable victim of the defendant's acts; and (4) a state actor affirmatively

used his or her authority in a way that created a danger to the plaintiff or that rendered the

plaintiff more vulnerable to danger than had the state actor not acted at all. Id. at 304-305.

This Court finds that Plaintiff's Complaint fails to demonstrate that Defendant acted under

color of state law and fails to adequately allege the existence of element four of the state-created

danger test.

## A. Under Color of State Law Requirement

Plaintiff argues in his Opposition that Defendant acted under color of state law by

identifying herself as a police officer when she dialed 9-1-1. Plaintiff attached a transcript of this

conversation to the Opposition. However, Plaintiff's Complaint makes no mention of Defendant

identifying herself as a police officer, nor did Plaintiff attach the transcript of the conversation to

the Complaint. Therefore, this Court cannot take the transcript into consideration in analyzing

Defendant's Motion to Dismiss. See Vellazquez v. Am. Airlines, No. 2010/90, 2011 WL

3652334, at *2 (D.V.I. Aug. 18, 2011) (quoting In re Burlington Coat Factory Sec. Litig., 114

F.3d 1410, 1426 (3d Cir.1997)) ("On a motion to dismiss . . . the Court may not consider

documents attached to Plaintiff's opposition, unless they are 'integral or explicitly relied upon in

the complaint.'"); Daniels v. Morris Cnty. Corr. Facility, No. 06-2460, 2007 WL 174176, at *1

(D.N.J. Jan. 22, 2007) ("In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents."); Stapperfenne v. Nova Healthcare Administrators, Inc., No. 05-4883, 2006 WL 1044456, at *3 (D.N.J. Apr. 17, 2006) (refusing to consider exhibits attached to the plaintiff's opposition when they were not directly incorporated in or attached to the complaint).

However, even if the transcript had been attached to the Complaint, the conversation does not show that Defendant acted under color of state law. The Third Circuit has stated that "off-duty police officers who purport to exercise official authority will generally be found to have acted under color of state law." Barna v. City of Perth Amboy, 42 F.3d 809, 816 (3d Cir. 1994). In Barna, the Court stated that "[m]anifestations of such pretended authority may include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute involving others pursuant to a duty imposed by police department regulations." Id. For example, in Panas v. City of Philadelphia, 871 F. Supp. 2d 370, 377 (E.D. Pa. 2012), the court found that an off-duty police officer acted under color of state law when "it [was] undisputed that prior to shooting [the plaintiff], [the officer] flashed his badge and announced that he was a police officer while attempting to clear the crowd in front of [the plaintiff's] house." Similarly, the Second Circuit found that an off-duty corrections officer acted under color of law when he identified himself as a police officer when making an arrest, used handcuffs issued by the New York Department of Corrections, and placed the plaintiff in a police car. Rivera v. La Porte, 896 F.2d 691, 696 (2d Cir. 1990).

The instant case is distinguishable from Panas and Rivera, as there is nothing to suggest that Defendant called 9-1-1 intending to act as a police officer performing an official duty as

opposed to a private citizen reporting an altercation. Defendant's only action that could arguably be construed as acting under color of state law was her statement in the phone conversation that she is a police officer. However, Defendant did not make this statement until halfway through the conversation and she immediately clarified that she was an "*off-duty* police officer." Defendant did nothing else to purport that she was exercising her official authority. Accordingly, Plaintiff has not shown that Defendant was acting under color of state law.

**B. Element Four of the State-Created Danger Test**

The fourth element of the state-created danger test requires this Court to determine whether Defendant used her authority as a police officer "to create a dangerous situation" or to make Plaintiff "more vulnerable to danger" than he would have been had Defendant not intervened. Kneipp v. Tedder, 95 F.3d 1199, 1209 (3d Cir. 1996). See also Bright v. Westmoreland Cnty., 443 F.3d 276, 283 (3d Cir. 2006) ("[U]nder the fourth element of a state-created danger claim, [l]iability . . . is predicated upon the states' affirmative acts which work to the plaintiffs' detriments in terms of exposure to danger." (citation and quotations omitted)). In Kneipp, a heavily intoxicated woman and her husband were walking home from a bar late at night when they were stopped by a police officer. 95 F.3d at 1201. The husband left the scene after the officer told him that he could go home, assuming that his wife would be taken to the police station or to the hospital. Id. at 1202. However, after the husband left, the officer decided to send the woman home by herself, and she ultimately passed out outside and suffered from hypothermia, which led to the impairment of many of her basic body functions. Id. at 1202-03. In analyzing element four of the state-created danger test, the Third Circuit found that there was evidence that the officer made the woman more vulnerable to danger than she would have been had he not intervened because "[i]t [was] conceivable that, but for the intervention of the police,

6

[her husband] would have continued to escort [her] back to their apartment where she would have been safe." Id. at 1209. Similarly, in Reed v. Garner, 986 F.2d 1122, 1124 (7th Cir. 1998), police officers arrested the sober driver of a car, leaving the keys behind with the passenger, who the offices knew or should have known was intoxicated. After the officers left, the inebriated passenger drove the car and ultimately crashed into another vehicle on the road, killing a pregnant woman and injuring several others. Id. at 1123-24. The Seventh Circuit found that the officers were subject to § 1983 liability because "[b]y removing a safe driver from the road and not taking steps to prevent a dangerous driver from taking the wheel, [they] arguably changed a safe situation into a dangerous one." Id. at 1127. In contrast, in Brown v. Grabowski, 922 F.2d 1097, 1102 (3rd Cir. 1990), a woman had reported to the police that her former boyfriend abducted her, sexually harassed her, threatened her with a knife, and held her hostage for three days. The police did not make an arrest and did not inform the woman of her right to obtain a restraining order. Id. at 1102-03. Subsequently, the woman's former boyfriend beat her until she was unconscious and locked her in the trunk of her car, where she froze to death. Id. at 1103. The Third Circuit found that the deceased woman's representative could not bring a § 1983 claim against the officers who did not take action because there was no evidence that the officers "limited [the woman's] freedom to act on her own behalf, or . . . created or exacerbated the danger that [her former boyfriend] posed to her." Id. at 1116.

In the present case, Plaintiff asserts that element four of the state-created danger test is present because Defendant took the affirmative step of dialing 9-1-1 and intentionally misleading the operator about the nature of the altercation, thus delaying police and medical assistance to the scene. However, even if Defendant acted inappropriately during the call, Plaintiff has not shown that Defendant made him more vulnerable to danger than he would have been had Defendant not

acted at all. Defendant did not delay police or medical assistance that was already on its way. Even if it is true that assistance would have arrived at the scene sooner had Defendant been more forthcoming during the call, this did not make Plaintiff worse off than he would have been had the call not been made. Accordingly, Plaintiff has not adequately alleged element four of the state-created danger test.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **granted**. An appropriate order follows this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:        November 12, 2013
Original:    Clerk's Office
cc:          Hon. James B. Clark U.S.M.J.
             All Counsel of Record
             File

8